UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER SLINGLUFF,

      Petitioner,

        -against-

GOTTA HAVE ROCK AND ROLL.COM,
LLC, EDWARD KOSINSKI, and GOTTA
HAVE IT! COLLECTIBLES, INC.,

      Respondents.

---

CASE NO. _____

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, Peter Slingluff ("Slingluff"), by his attorneys, hereby petitions this Court, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA") to confirm the arbitration award rendered on September 11, 2015 (the "Award") by an arbitrator of the American Arbitration Association in New York, New York, in the arbitration styled *Peter Slingluff v. Gotta Have Rock and Roll.com, Edward Kosinski and Gotta Have It! Collectibles, Inc.,* AAA Case No. 01-14-0001-7650 (the "Arbitration").  A true copy of the Award is attached hereto as Exhibit A.

In support of his Petition, Slingluff respectfully states as follows:

### PARTIES

1.      Petitioner Peter Slingluff is an individual who resides in Massachusetts.

2.      Respondent Gotta Have Rock and Roll.com, LLC is a Delaware limited liability corporation, with a principal place of business in New York, New York.

3.      Respondent Gotta Have It! Collectibles, Inc. is a New York corporation, with a principal place of business in New York, New York.

4.      Respondent Edward Kosinski is an individual who resides in New York, New York.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331(a)(2) because Slingluff and the Respondents are citizens of different states and the amount in controversy exceeds $75,000.

6.      The Court also has subject matter jurisdiction over this proceeding pursuant to Section 9 of the FAA.

7.      Venue is proper in this District pursuant to Section 9 of the FAA because the Arbitration was conducted and the Award was rendered in this District.  9 U.S.C. § 9.

## FACTUAL BACKGROUND

8.      The underlying dispute between the parties arises from Slingluff's consignment of two items of valuable Michael Jackson memorabilia to the Respondents to be auctioned.

9.      The consignment agreement between Slingluff and Gotta Have Rock and Roll.com provided in part "Any controversy or claim arising out of or relating to this Agreement shall be settled by binding arbitration in according with the commercial arbitration rules of the American Arbitration Association…The arbitration will be conducted in the City of New York, Borough of Manhattan, State of New York, and judgment on any arbitration award may be entered into any court having competent jurisdiction thereof."

10.     On or about January 7, 2015, Slingluff commenced arbitration before the American Arbitration Association, alleging, among other things, that after the items failed to sell at auction, the Respondents reportedly sold the items in an unauthorized third-party sale. Slingluff asserted in the arbitration that an insider "purchased" the items without informing

Slingluff, and later sold them at auction for a profit of nearly ten times what the Respondents paid to Slingluff.

11.    All parties consented and agreed to the arbitration and to the award of attorneys' fees.  See First Pre-Hearing Order, Exhibit B hereto.

## THE HEARING AND AWARD

12.    The Arbitration hearing commenced on July 15, 2015 at the offices of Respondents' counsel in New York, New York, and continued on July 16, 2015 and July 21, 2015, before the arbitrator, attorney John M. Brickman.

13.    The hearing was officially closed on August 17, 2015.

14.    All parties were represented by counsel.

15.    On September 11, 2015, the arbitrator issued his Award. Exhibit A.

## REQUEST FOR CONFIRMATION OF THE AWARD

16.    Petitioner Peter Slingluff hereby requests that this Court confirm the Award pursuant to Section 9 of the FAA.

17.    Section 9 provides, in relevant part, that the prevailing party in an arbitration may apply for an order confirming the award and that the court "must grant such an order unless the award is vacated, modified, or corrected" as provided elsewhere in the FAA.  9 U.S.C. § 9; *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant [confirmation] unless the award is vacated, modified or corrected."); *STMicroelectronics, N.V. v. Credit Suisse Securities LLC*, 648 F.3d 68, 78 (2d Cir. 2011) (court's review of an arbitration award is "severely limited" and is "highly

deferential" to the arbitrators because a more detailed judicial review of awards would frustrate the purpose of arbitration as an efficient alternative to litigation).

**WHEREFORE**, Petitioner respectfully requests that the Court enter an Order:

(a) Confirming the September 11, 2015 Award in all respects;

(b) Awarding such other and further relief as this court deems just and proper.

Dated: September 15, 2015

Respectfully submitted,

GARDNER & ROSENBERG P.C.

/s/ Nicholas J. Rosenberg
Nicholas J. Rosenberg
Josh Gardner
33 Mount Vernon Street
Boston, Massachusetts 02108
Tel: (617) 390-7570
Fax (617) 972-7983
nick@gardnerrosenberg.com

*Counsel for Petitioner Peter Slingluff*