AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL
------------------------------------------------------------X
PETER SLINGLUFF,

                            Claimant,                 Case No. 01-14-0001-7650

         -against-

                                                          <u>FIRST PRE-HEARING ORDER</u>

GOTTA HAVE ROCK AND ROLL.COM, LLC,
GOTTA HAVE IT COLLECTIBLES INC., and
EDWARD KOSINSKI,

                            Respondents.

------------------------------------------------------------X

I held a preliminary conference by telephone on March 27, 2015. Nicholas Rosenberg and Josh Gardner appeared for the claimant, and Hartley Bernstein appeared for the respondent. Kimberly Ramsey of the Association also participated. Following the hearing, on the basis of the understandings reached by counsel and my directions, I make the following pre-hearing order:

1. By April 10, 2015, the claimant shall file, but not serve, its checklist of conflicts.

2. By April 24, 2015, each side may serve upon the other (but not file) a request for the production of any documents or things not already in the requesting side's possession.

454361.1

3. On May 6, 2015 at 4 p.m., the parties and I will hold a telephone conference. The Association will arrange for the telephone conference.

4. By May 15, 2015, each side shall (i) produce to the other side (but not file) the documents and things requested in accordance with paragraph 2 hereof and (ii) if there is any objection to any request, serve and file a letter or e-mail setting out any such objection.

5. By May 15, 2015, either side may request (on notice to the other side) that I sign a non-party subpoena, and if either side requests, obtains, and serves such a subpoena, it shall, promptly upon receipt of any documents furnished in response to any such subpoena, provide copies to the other side.

6. By May 26, 2015, either side may advise me that it seeks a confidentiality order in connection with matter to be produced in discovery or adduced at the hearing. Until that date (or until such earlier date on which the parties may advise me that neither side wishes to seek a confidentiality order), every item produced in discovery shall be for attorneys' eyes only.

7. By June 1, 2015, either side may amend its pleading.

8. By June 1, 2015, each side shall advise the other, and me, if it intends to adduce expert testimony at the hearing.

454361.1

9. If there is to be expert testimony, by June 29, 2015, each side shall serve and file its expert report. Each expert report shall (i) provide the sum and substance of the expert's anticipated testimony, (ii) describe the basis for the expert's testimony in detail reasonably sufficient to permit the other side to proceed efficiently at the hearing of this case, and (iii) attach the expert's curriculum vitae.

10. By July 13, 2015, following consultation between the parties, the parties will file jointly one or more binders containing proposed hearing exhibits, segregated into three sections, the first consisting of documents as to which there is no objection to admission in evidence, the second consisting of documents to be offered by the claimant to which the respondents object, and the third consisting of documents to be offered by the respondents to which the claimant objects.

11. By July 13, 2015, the parties shall file a statement of stipulated facts, or advise me that they cannot agree upon such a stipulation.

12. By July 13, 2015, each side shall serve and file a list of all witnesses that side reasonably expects to be called on its case in chief. The list shall include the full name of each witness, his or her address, and his or her business affiliation. If any of the required information is not available, the list shall so state.

13. By July 13, 2015, each side shall advise me whether it wishes my award to be a standard award or a reasoned award, and I shall thereafter identify the form of award that I shall make.

454361.1

14. In accordance with paragraph 12 of the agreement under which this arbitration is brought, I shall award attorneys' fees and other costs to the prevailing side. Accordingly, by a date that I will fix at the conclusion of the evidentiary portion of the hearing, each side shall serve and file an affidavit of services, covering time records for the activities of its counsel for which it will seek recompense if it is the prevailing party.

15. At any time before the commencement of the hearing, either side may serve and file a brief pre-hearing statement, addressing any factual or legal issue that the side believes I should consider in determining the case. (Letters or e-mails, as opposed to formal memoranda, are encouraged, indeed preferred.) If in any such submission either side cites or relies upon on any legal authority that is not widely available (e.g., through Lexis or Westlaw), I encourage the party to attach a copy to its submission. I stress that these submissions are not mandatory; I leave it to each side's best discretion to decide whether submission would assist in the orderly and expeditious resolution of the dispute.

16. The hearing will be held on July 15, July 16, and (if necessary) July 20, 2015, at the offices of Bernstein Cherney, LLP, the respondents' attorneys, 767 Third Avenue, 30th Floor, New York City. The first day's hearing will begin at 9:00 a.m., with the following hearings to begin at times to be determined.

17. At or before the conclusion of the testimonial portion of the hearing, I shall, after consultation with the parties, direct the form of post-testimonial submission to be made (*e.g.*, oral presentations, post-hearing briefs, or some combination).

454361.1

18. Either side wishing a stenographic transcript of the hearing will comply with Section R-28 of the Commercial Arbitration Rules of the Association.

19. The parties agree that to the extent that I apply substantive law, it shall be New York law.

20. In accordance with Section R-43 of the Commercial Arbitration Rules, the parties may communicate simultaneously with me and with the Association. I encourage the parties to exchange and submit communications, to the extent, practicable, by e-mail. Mr. Rosenberg's e-mail address is nick@gardnerrosenberg.com. Mr. Bernstein's e-mail address is hbernstein@bernsteincherney.com. Ms. Ramsey's e-mail address is barbaracook@adr.org. My e-mail address is jbrickma@alcllp.com. *Any communication sent to me shall be sent simultaneously to the other side and the Association, using the same method of transmission.*

21. Either side may, by letter, telephone call, or e-mail, request a telephone conference to raise any matter.

22. This order shall continue in effect until amended by my subsequent order.

Dated: April 1, 2015

_____
John M. Brickman

5

454361.1